IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02150-MDB

SANG JOON VASQUEZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice,
DAVID J. VENTURELLA, Acting Director of Immigration & Customs Enforcement, and
U.S. DEPARTMENT OF HOMELAND SECURITY (DHS),

     Respondents.[1]

---

## ORDER

---

This case is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") filed *pro se* by Sang Joon Vasquez ("Petitioner"). ECF No. 1. Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF No. 16. For the reasons that follow, the Court **GRANTS** the Petition.

## BACKGROUND

Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 1-2. According to Petitioner, he is a native of Korea who entered the United States in 1971 and was "granted lawful permanent resident status." *Id.* at 5. Petitioner alleges that in 2007, he was ordered removed from the United States and "was released from the custody of DHS under an order of supervision." *Id.*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche and David J. Venturella are automatically substituted as Respondents.

Petitioner states he was arrested and "re-detained by ICE" on March 11, 2026, and has been in custody since that time. *Id.* at 2. Petitioner alleges that since 2007, he has been in "this system (10) months." *Id.* at 3. Petitioner claims that he was re-detained "without any notice of revocation of release informing him of the reason for his re-detention," that he was not provided "with a notice of custody determination or any other written decision explaining what changed circumstances allegedly justified or currently justify his re-detention," that that he "has not received any sort of interview at which he can present," and that "there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.* at 2. Petitioner further contends that "the Government has not identified any country to which [Petitioner] can be removed or taken any concrete steps to facilitate his removal." *Id*. at 5. He states that "Korea [has] not recognized [Petitioner] as a Korean citizen." *Id.* at 6. Petitioner seeks immediate release, arguing that his continued detention violates his due process rights under the Fifth Amendment of the United States Constitution as recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 2-11. He also argues that the revocation of his release on supervision and re-detention by ICE was unlawful because ICE failed to comply with relevant regulations and due process. *Id.*

Respondents were ordered to show cause as to why the Petition should not be granted. ECF No. 3. On June 22, 2026, Respondents filed a Response. ECF No. 14. In the response, "Respondents maintain that Petitioner's detention is lawful and do not concede that it is unlawful, [b]ut for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. Respondents note that, should the Court order Petitioner's release,

the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security. *Id.* at 1-2.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. Respondents do not dispute that Petitioner is subject to a final order of removal, and Respondents apparently concede that the statutory authority for Petitioner's detention arises from 8 U.S.C. § 1231. ECF No. 14 at 1.

When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Additionally, while "district courts in the Tenth Circuit are split regarding whether the six-month *Zadvydas* removal period must be successive," *Tran v. Baltazar,* No. 26-cv-00940-CNS, 2026 WL 764002, at *3 (D.

Colo. Mar. 18, 2026), "district courts more often conclude that a detainee's periods of detention should be considered together in determining whether the detention has exceeded the presumptively reasonably time under *Zadvydas*," *Aguilar v. Noem,* No. 25-cv-03463-NYW, 2025 WL 3514282, at *3 (D. Colo. Dec. 8, 2025) (collecting cases). District of Colorado courts have repeatedly held that separate periods of detention are properly aggregated for *Zadvydas* purposes, and the Court is persuaded by those decisions. *See, e.g., Aguilar*, 2025 WL 3514282; *Tran*, 2026 WL 764002; *Pan v. Blanche*, No. 26-cv-00599-SBP, 2026 WL 947935 (D. Colo. Apr. 8, 2026); *Santacruz Macias v. Baltazar*, No. 26-cv-01046-SKC, 2026 WL865174 (D. Colo. Mar. 30, 2026); *Pena-Gil v. Lyons,* No. 25-cv-03268-PAB-NRN, 2025 WL 3268333 (D. Colo. Nov. 24, 2025).

Petitioner alleges he has been detained for more than six months when considering his periods of detention since 2007. ECF No. 1 at 3. Moreover, Respondents do not dispute Petitioner's assertion that he has been detained for ten months, which exceeds the presumptively reasonable six-month period to effect his removal, as established by the Supreme Court in *Zadvydas.* Therefore, Petitioner bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner asserts that he cannot be removed to Korea and that the Government has identified no other country willing to accept him. Respondents do not contest those assertions. ECF No. 14. Thus, Petitioner has met his initial burden, and the burden shifts to Respondents to submit evidence sufficient to rebut that showing. Respondents have submitted no such evidence and thus have not met their burden.

4

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is being detained in violation of the Fifth Amendment, and the Court will grant the Petition and order Petitioner's release from custody pursuant to 28 U.S.C. § 2241(c)(3). Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**. It is further

**ORDERED** that Petitioner shall be released from custody within **24 hours of this Order.** It is further

**ORDERED** that Respondents may impose on Petitioner reasonable conditions of release or supervision. It is further

**ORDERED** that Respondents shall file a status report within **two (2) days** of this Order certifying compliance.

Dated: July 15, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

5